# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1827V
**Filed: September 30, 2019**
UNPUBLISHED

|  |  |
|---|---|
| MARIA CRISTINA RUBIO, Personal representative, on behalf of the estate of ALEX RUBIO, JR., <br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU); Attorneys' Fees and Costs; Hourly Rates; Paralegal Time Billed at Attorney Rates; Non-Compensable Billing |

*Darlene Mayre Carroll*, Carroll Law Firm, PLLC, Oklahoma City, OK, for petitioner.
*Darryl R. Wishard*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On November 21, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act") on behalf of decedent Alex Rubio, Jr. ("the decedent"). Petitioner alleges the decedent developed Guillain-Barré syndrome ("GBS") caused by an influenza vaccination he received on September 30, 2016, which resulted in his death on November 16, 2016. Petition at 1. On December 19, 2018, the undersigned issued a

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

decision awarding compensation to petitioner based on the parties' stipulation.  ECF No. 34.

On June 25, 2019, petitioner filed a motion for attorneys' fees and costs.  ECF No. 38.  Petitioner requests attorneys' fees in the amount of $19,197.60 and attorneys' costs in the amount of $400.00.  *Id.* at 1, 23.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred $2,809.85 in out-of-pocket expenses.  *Id.* at 4.  Thus, the total amount requested is $22,407.45.

On June 27, 2019, respondent filed a response to petitioner's motion.  ECF No. 40.  Respondent states that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully requests that the special master exercise discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of requested fees to be appropriate for the reasons listed below.

**I.      Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel

"should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

### II. Attorney Rates

#### A. Hourly Rates

Petitioner requests the following rates for attorney Darlene M. Carroll: $180 for time billed in 2016 and 2017, $190 for time billed in 2018 and $200 for time billed in 2019.  Ms. Carroll has been a licensed attorney in the state of Oklahoma, placing her in the range of attorneys' with less than four years' experience on the Attorney Hourly Rates Schedules.[3]  Though the undersigned finds the requested rates reasonable and awards them herein, an adjustment to Ms. Carroll's rates is still warranted.  In September of each year, Ms. Carroll's rate increases.  However, the court applies rate increases based on a calendar year to ensure consistently and to monitor the rate increases each year.  As such, for 2018, a total of 19.2 hours will be reduced from $190 per hour to $180 per hour.  For 2018, a total of 24.6 hours will be reduced from $200 per hour to $190 per hour.  This results in an overall reduction of **$438.00**.[4]

#### B. Paralegal Tasks at Attorney Rates

The undersigned finds it necessary to reduce Ms. Carroll's requested hourly rate for time billed on tasks that are considered paralegal in nature.  Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal.  *See, e.g., Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).  Ms. Carroll billed for more than 23 hours of time for what is more appropriately categorized as paralegal tasks.  Examples of these entries include:

- June 19, 2017 (1.7 hrs) "Preparation of Exhibits"
- August 1, 2017, (2.3 hrs) "Exhibit Prep"
- August 28, 2017 (1.8 hrs) "[E]xhibit put together for submission"

---

[3] Attorney hourly rates are set forth in the OSM Attorneys' Forum Hourly Rate Schedules for 2019 and are available on the U.S. Court of Federal Claims website at
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf

[4] This amount consists of ($190 - $180 = $10 x 19.2 hrs = $192.00) + ($200 - $190 = $10 x 24.6 hrs = $246) + $438.00.

- September 28, 2017 (2.1 hrs) "Organization and finalizing of submitting paperwork and CDs"
- October 3, 2017 (3.5 hrs) "Exhibit prep. Labeling, etc."

ECF No. 38 at 17- 20.

The undersigned will reduce Ms. Carroll's hourly rate to $135 per hour for the tasks considered paralegal, resulting in a reduction of **$1,053.00**.[5]

### C. Non-Compensable Billing

The undersigned notes that Ms. Carroll billed over 13 hours of time researching aspects of the Vaccine Program, the Court of Federal Claims, neurology, and past "GBS" petitions to prepare herself for this case. "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). Several of the billing entries regarding Ms. Carroll's research is simply listed "research" and these entries are too vague for the undersigned to give a complete analysis. An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mast. June 27, 2009).

For these reasons, the undersigned reduces the request for attorney fees in the amount of **$2,466.00**, the total of the tasks considered non-compensable.[6]

### III. Attorney Costs

Petitioner requests reimbursement for costs incurred by petitioner in the amount of $2,809.85 and costs incurred by Ms. Carroll in the amount of $400.00. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's request and awards the full amount of attorneys' costs sought.

---

[5] This amount consists of $180 - $135 = $45 x 23.40 hrs = $1,053.00.

[6] This amount consists of $180 x 13.7 hours = $2,466.00.

## IV.  Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

| | |
|---|---:|
| Requested attorneys' fees: | $19,197.60 |
| Reduction for hourly rate adjustment: | - 438.00 |
| Reduction for paralegal tasks | - 1,053.00 |
| Reduction for non-compensable hours | -  2,466.00 |
| **Adjusted Fees Total:** | **$15,240.60** |
| Requested petitioner's costs: | $ 2,809.85 |
| Requested attorney's costs: | + 400.00 |
| **Adjusted Costs Total:** | **$ 3,209.85** |
| **Total Attorneys' Fees and Costs Awarded:** | **$18,450.45** |

Accordingly, the undersigned awards the total of $18,450.45[7] as follows:

- **A lump sum of $15,640.60, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Darlene M. Carroll; and**

- **A lump sum of $2,809.85, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner**

The clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.